IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICIA A. FRENCH,            :

    Plaintiff,             :

vs.                            :       CA 07-0642-C

MICHAEL J. ASTRUE,             :
Commissioner of Social Security,
                                   :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Docs. 18 & 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's proposed report and recommendation, and the oral arguments of the parties on March 25, 2008, it is determined that the Commissioner's decision denying plaintiff benefits should be affirmed.[1]

Plaintiff alleges disability due to carpal tunnel syndrome, lumbar strain, and left lower extremity pain. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant has "severe" impairments, carpal tunnel syndrome and lumbar strain.
>
> 4. The claimant's impairments do not meet or equal in severity the appropriate medical findings contained in 20 CFR 404, Appendix 1 to Subpart P (Listing of Impairments).
>
> 5. The claimant's allegations regarding her limitations are not credible to the extent all work activity would be precluded.
>
> 6. The claimant has the residual functional capacity for a full range of sedentary work, which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.
>
> 7. The claimant has past relevant work as a fast food worker which is performed at the light level of exertion and the unskilled level of ability and work as sandwich maker which is

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 18 & 19 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

> performed at the medium level of exertion and the unskilled level of ability.
>
> 8. The claimant is unable to perform her past relevant work, which is supported by vocational expert testimony.
>
> 9. The claimant is 44 years old which is considered a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).
>
> 10. According to vocational expert testimony there are other jobs the claimant can perform. Examples of such jobs are surveillance systems monitor of which there are 48,000 in the nation and work as an information clerk of which there are 48,000 in the nation.
>
> 11. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(e) and 416.920(e)).

(Tr. 39-40) The Appeals Council affirmed the ALJ's decision (*see* Tr. 7-9) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence

of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those sedentary jobs identified by the vocational expert, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Plaintiff's sole contention is that the ALJ erred in implicitly finding her chronic left foot pain was not a severe impairment. (*Compare* Doc. 15, at 3 ("[T]he Administrative Law Judge found that the claimant's allegations of pain

and related symptomatology in her feet did not rise to the level of severity required by the Regulations. Tr. at page 39.") *with* Tr. 39 ("The claimant has 'severe' impairments, carpal tunnel syndrome and lumbar strain."))

The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work activities. 20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those

claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[2]

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected. Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made. A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process itself.

SSR 85-28. The claimant's burden at step two of the sequential evaluation process is mild. *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.").

While it is true that the ALJ did not specifically find French's chronic foot pain to be a severe impairment, it is clear that he considered evidence related to this impairment (Tr. 29-34), as well as limitations caused by this

---

[2] It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*. *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

impairment (specifically, no prolonged weight bearing), in reaching his RFC determination (sedentary work) and in questioning the vocational expert (*compare* Tr. 29 ("Dr. Rutledge noted [on November 2, 1999] that the claimant's pain would be aggravated by jobs that involve prolonged weight bearing.") *with* Tr. 313 ("Her MR has shown tendinitis or peritendinitis in the posterior tibial tendon and this is presumably the source of her ongoing symptoms. This is probably going to be aggravated by jobs that involve prolonged weight bearing and accordingly she's probably going to have to look for a lighter job that involves intermittent sitting. I don't think she's a surgical candidate. At this point she's at MMI with a permanent anatomic impairment of five percent (5%) lower extremity and we will see her PRN.") *and* Tr. 481-484 (hypothetical posed to the VE recounted plaintiff's on-the-job injury to her lower left extremity and treating doctor's recommendation that same would be aggravated by jobs involving prolonged weight bearing and, therefore, she needed a job involving intermittent sitting)[3]). Therefore, even assuming the ALJ erred in failing to specifically find that plaintiff's chronic foot pain was a severe impairment, such error was harmless since the

---

[3]   In response to the hypothetical, the VE stated the following: "No prolonged weight bearing and the sitting would require more of a sedentary category, so she would not be able to perform her past work." (Tr. 484)

7

evidence of record establishes that this condition would not entail any significant work-related limitations of function not contemplated by the ALJ's residual functional capacity determination and the VE's testimony. Because plaintiff raises no other assignments of error, this Court **AFFIRMS** the Commissioner's fifth-step denial of benefits.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying claimant benefits be affirmed.

**DONE** and **ORDERED** this the 26th day of March, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

.